IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02071-MSK-CBS

CLARA E. SALAZAR, and
JUANITA YBARRA, on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.

BUTTERBALL, LLC,

    Defendant.

## PROTECTIVE ORDER

    WHEREAS, documents and information may be supplied by Defendant Butterball, Inc. to Plaintiffs Clara Salazar and Juanita Ybarra ("Plaintiffs") in this action, pursuant to discovery pleadings, which Defendant believes either constitute confidential personnel, proprietary, or commercial information or which are otherwise confidential, a trade secret, a competitive advantage and/or of a personal nature to Defendant or to Plaintiffs (hereinafter referred to collectively as "confidential materials");

    IT IS HEREBY STIPULATED AND AGREED between Defendant and Plaintiffs, through their respective attorneys, and subject to the approval of the Court, that the following Stipulation and Order of Confidentiality shall govern the handling of documents and information produced or exchanged in connection with discovery in this Litigation:

1.

    Any party producing documents and information in this litigation may designate these materials as "confidential" if the party believes in good faith that this material contains or

reflects non-public confidential, personal, financial, propriety, or commercially sensitive information. The parties agree that in response to discovery pertaining to Butterball employees other than Plaintiffs Clara Salazar and Juanita Ybarra, any documents with pay or other sensitive employment information are to be deemed or designated CONFIDENTIAL. With regard to documents and responses to subpoenas, such designation shall be made at the time that such answers are served upon the requesting party or at the time the copies of documents are delivered to the requesting party or at the time documents are made available for party's inspection. Any party receiving confidential materials may object to that designation and request removal of that designation as outlined in paragraph 8.

2.

Each person to whom confidential material, or data or information obtained, derived or generated from confidential material, is disclosed or made available, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Stipulation and shall be bound by its terms and conditions. No such person shall divulge any confidential material, or any data or information obtained, derived or generated from confidential material, to any other person, except as provided herein. This Paragraph shall not apply to deponents who during the course of a deposition are shown confidential material, or data or information obtained, derived or generated from confidential material.

3.

Confidential material, or data and information obtained, derived or generated from confidential material, shall be disclosed only to:

    (1)    The Court and Court personnel;

(2) The attorneys of record in this action, persons employed in the attorneys' offices and agents of the attorneys such as copy services and litigation support services;

(3) Plaintiffs;

(4) Defendant;

(5) Independent experts and consultants such as statisticians, economists and accountants; and

(6) Witnesses or potential witnesses with whom the parties' attorneys deem it necessary to discuss such material in the course of the parties' discovery and/or preparation for trial.

4.

Confidential material, or data and information obtained, derived or generated from confidential material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

5.

Any documents filed of record which contain confidential material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with a title of this action, the words "confidential material – subject to stipulation", and a statement substantially in the following form: "This envelope is sealed and contains confidential information filed in this case and is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court." Any document designated as "confidential" and filed under seal as an exhibit to a pleading or brief may be filed with the Court the next business day after the underlying pleading or brief is electronically filed with the Court. Nothing in this Stipulation shall require the sealing of the courtroom during any proceedings,

including trial.

6.

The parties will act in good faith in designating material as confidential. Portions of depositions may be deemed to contain confidential material only if they meet the required criteria and they are designated as such during deposition questioning. Only those portions of documents deemed to contain confidential material may be stamped confidential. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public or which is obtained from sources other than Defendant and Plaintiffs.

7.

Nothing contained in this Joint Stipulation shall be construed as a waiver of the right to object to the subject matter of any request made in this action. This Stipulation shall not be construed as an agreement by Defendant and Plaintiffs to produce any document or supply any information and shall not constitute an admission that any designated material is relevant or acts as a waiver of privilege.

8.

If any party disagrees with the designation of any material as confidential material, the party may send a written challenge to the party asserting the confidential designation. If the party asserting the confidential designation wants the challenged materials to remain confidential, it must file a separate motion for protective order under Fed. R. Civ. P. 26(c). Such a motion shall be made no later than 30 days after the party receives a written challenge to the designation of any material as confidential material. If a motion for a protective order is filed, the parties agree to treat the challenged materials as confidential until the Court decides that motion.

9.

Any dispute arising under this Joint Stipulation shall be submitted to a court with controlling jurisdiction for resolution.

10.

Within 30 days after the final termination of this action, whether by settlement, judgment, voluntary dismissal, or decision on appeal, all originals and copies of documents designated as confidential shall be returned to Defendant or Plaintiffs. In the alternative, counsel for the designating party with a written certification of counsel that the confidential material has been destroyed. Notwithstanding the above, the parties agree that counsel for Plaintiff may retain one copy of the documents for a period of ten years for insurance purposes and any other professional obligations related to this matter. At the end of the ten-year period counsel for Plaintiff agrees to either return the documents or provide a written certification that the documents have been destroyed.

11.

If any confidential material, or information or data obtained, derived or generated there from, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees that they will immediately notify the designating party so as to permit that party to seek a protective order from the appropriate court.

DATED at Denver, Colorado, this 5TH day of January, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Anne T. Regan*<br>J. Gordon Rudd, Jr. (MN#222082)<br>Anne T. Regan (MN#333852)<br>Zimmerman Reed, PLLP<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55402-4123<br>Telephone: 612-341-0400<br>Facsimile: 612-341-0844<br><br>T. Joseph Snodgrass (MN#231071)<br>Kelly Swanson (MN#330838)<br>Troy F. Tatting (MN#3543156)<br>LARSON • KING, LLP<br>2800 Wells Fargo Place<br>30 E. Seventh Street<br>Saint Paul, MN 55101<br>Telephone: 651-312-6500<br>Facsimile: 651-312-6615<br><br>Richard Rosenblatt (CO# 15813)<br>Stanley M. Gosch (CO# 30641)<br>RICHARD ROSENBLATT & ASSOCIATES, LLC<br>8085 East Prentice Avenue<br>Greenwood Village, CO 80111-2705<br>Telephone: 303-721-7399<br>Facsimile: 720-528-1220<br><br>*ATTORNEYS FOR PLAINTIFF AND PROPOSED COLLECTIVE AND CLASS ACTION REPRESENTATIVES* | */s/ Eric Magnus*<br>Eric R. Magnus<br>Georgia Bar No. 801405<br>Stephen X. Munger<br>Georgia Bar No. 529611<br><br>JACKSON LEWIS LLP<br>1155 Peachtree Street<br>Suite 1000<br>Atlanta, Georgia 30309-3600<br>Telephone: 404-525-8200<br>Facsimile: 404-525-1173<br><br>Ryan Lessmann (CO#35755)<br>JACKSON LEWIS, LLP<br>1050 17th Street<br>Suite 2450<br>Denver, Colorado 80265<br>Telephone: (303) 892-0404<br>Facsimile: (303) 892-5575<br><br>*ATTORNEYS FOR DEFENDANT*<br><br>Date: December 31, 2008 |