IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02071-MSK-CBS

CLARA E. SALAZAR, and
JUANITA YBARRA, on behalf of themselves and others similarly situated,

        Plaintiffs and Proposed Collective and Class Action Representatives,

v.

BUTTERBALL, LLC.,

        Defendant.

---

**OPINION AND ORDER DENYING MOTION FOR INDICATIVE RULING**

---

**THIS MATTER** comes before the Court on the Plaintiffs Clara E. Salazar and Juanita Ybarra's Rule 62.1 Motion for Indicative Ruling that a "Substantial Issue" is Raised Warranting Reconsideration **(#98)**, to which Defendant Butterball, LLC responded **(#105)**, and the Plaintiffs replied **(#106)**. Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I.  Background

In this case, the Plaintiffs, employees at Butterball's Longmont, Colorado processing plant, seek compensation for the time they spend "donning and doffing" certain personal protective equipment ("PPE") at the beginning and end of each day and before and after each break. The PPE at issue includes hard hats, hair nets, safety glasses, ear protection, aprons, blue coats, boots, overshoes, arm guards, plastic sleeves, mesh gloves, and/or liner gloves. Based on Butterball's failure to compensate for this time, the Plaintiffs brought two claims in this action:

(1) violation of the Fair Labor Standards Act ("FLSA"); and (2) violation of Wage Order 24 promulgated under the Colorado Minimum Wage Act ("CMWA").

Butterball moved for summary judgment **(#40)** on its FLSA claim[1] arguing that the FLSA did not require compensation for the time spent donning and doffing PPE based on the application of 28 U.S.C. § 203(o), which excludes from compensable time any and all time spent "changing clothes," if the employer had a prevailing custom or practice of non-payment for such activities. The Plaintiffs simultaneously moved for partial summary judgment **(#41)** as to Butterballs § 203(o) defense.

Both motions were referred to the Magistrate Judge, who issued a Recommendation **(#82)** that Butterball's Motion be granted and the Plaintiffs' Motion be denied. Generally, the Recommendation concluded that the § 203(o) exception applied because donning and doffing of the PPE at issue constituted "changing clothes" under § 203(o) and Butterball had a custom or practice, of which the Plaintiffs were aware, of non-compensation for donning and doffing PPE. The Plaintiffs objected to the Recommendation. The Court addressed, but ultimately overruled the objections, adopted the Recommendation, and granted summary judgment to Butterball **(#87)**.

Of particular relevance to the Plaintiffs' instant motion is the Court's determination that the Recommendation accurately concluded that the donning and doffing at issue in the case constituted "changing clothes" within the meaning of § 203(o). In making that determination, the Court concluded that § 203(o) was a definitional exclusion rather than an exemption and,

---

[1] The Motion also sought summary judgment on the Plaintiffs' claim under the CMWA, which the Court granted. The Court's determination of this issue, however, is not at issue in the instant motion.

therefore, did not construe it narrowly. *See Franklin v. Kellogg Co.*, 619 F.3d 604, 611 (6th Cir. 2010) (explaining the basis for construing exemptions narrowly against the defendant-employer). The Court considered a number of factors to determine whether the donning and doffing that the Plaintiffs engaged in at Butterball fell within § 203(o) including the Department of Labor's ("DOL") Opinion Letters, the legislative intent of Congress in enacting § 203(o), the purpose of the provision, and the case law on the issue from other circuits (as the Tenth Circuit had not addressed the issue). In particular, the Court afforded at least some deference to the DOL Opinion Letters from 2002 and 2007, which explained that, in the DOL's view, donning and doffing PPE in the meat packing industry was included within the meaning of "changing clothes" as the term was used in § 203(o).

Because the Court determined that § 203(o) excluded the Plaintiffs' activities from compensable time, the Court entered summary judgment in favor of Butterball and closed the case.[2]  The Plaintiffs appealed.

**II.  Issue Presented**

After the Plaintiffs filed their appeal, two things occurred: (i) an opinion in a different matter concluded that § 203(o) did not apply to police officers donning and doffing their uniforms and equipment, *see Rogers v. City & County of Denver*, 2010 WL 1904516 (D. Colo. May 11, 2010) (unpublished); and (ii) the DOL changed its position about the applicability of §203(o) to donning and doffing PPE in the meat-packing industry, now concluding that the time spent donning and doffing PPE was not excluded from compensable time under the FLSA.

---

[2] As noted *supra*, the Court's determination of the Plaintiffs' second claim under the Colorado Wage Act is not at issue in the current motion.

3

Plaintiffs request that the Court reconsider its ruling as to the Plaintiffs' FLSA claim.

### III.   Analysis

The instant motion is brought pursuant to Fed. R. Civ. P. 62.1.  This rule provides that when a district court is faced with request that it does not have authority to grant because an appeal has divested it of jurisdiction, it may take three different actions: (1) defer ruling on the motion, (2) deny the motion, or (3) issue an order stating either that it would grant the motion if the court of appeals remands for consideration or that the motion for relief raises a substantial issue.

According to the notes accompanying the Rule, the Rule is intended to formalize a procedure used by many trial courts when confronted with a motion that fell outside its jurisdiction due to a pending appeal.  The comments explain that this provides the opportunity for the district court to indicate whether the outcome would change upon a remand.

In the instant  Motion, the Plaintiffs contend that the two previously described changes in the legal landscape warrant reconsideration of the Court's Order granting summary judgment in favor of  Butterball.  However, the parties admit that the issues with regard to changes in the law have not been fully briefed, and indeed, the Plaintiffs expressly request an opportunity for further briefing.  Without complete briefing on the issues, the Court cannot determine whether there is a substantial issue or speculate as to whether reconsideration would lead to a different outcome.

**IT IS THEREFORE ORDERED** that Plaintiffs Clara E. Salazar and Juanita Ybarr's Rule 62.1 Motion for Indicative Ruling that a "Substantial Issue" is Raised Warranting Reconsideration **(#98)** is **DENIED**.

Dated this 22nd day of March, 2011

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge